UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LANIER THOMPSON,

        Plaintiff,         Case No. 1:13-cv-167

v.         Honorable Robert Holmes Bell

UNKNOWN ZWIKLER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Breedlove. The Court will serve the complaint against Defendants Zwikler and Ault.

**Factual Allegations**

Plaintiff presently is incarcerated at the Ionia Maximum Correctional Facility. In his *pro se* complaint, he sues Sergeant Unknown Zwikler, Prison Official Robert Ault and Grievance Coordinator M. Breedlove.

On January 14, 2013, Plaintiff claims that Sergeant Zwikler was supposed to deliver two letters of legal mail to Plaintiff but Zwikler left one letter in another prison unit. Zwikler indicated that he would look for the misplaced letter. On January 16, Plaintiff received an opened letter from the United States Department of Justice (DOJ). Plaintiff states that the DOJ letter was the misplaced piece of legal mail. Because Plaintiff had filed a written request to have his legal mail opened in his presence in accordance with Michigan Department of Corrections (MDOC) Policy Directive 05.03.118 (effective Sept. 14, 2009), Plaintiff asserts that Zwikler should not have opened the DOJ letter.

After the Zwikler incident, Plaintiff wrote to Defendant Breedlove requesting to file a grievance. Because Plaintiff was on modified access to the grievance process, he could not file a grievance without Breedlove's approval. Plaintiff does not allege whether Breedlove ever provided him with a grievance form.

Plaintiff finally complains that he gave an oversized envelope to Defendant Ault for mailing but Ault did not mail the envelope. Instead, Ault allegedly signed the disbursement authorization for postage, read the letter and disposed of it.[1]

In summary, Plaintiff states that "these prison officials are ta[m]pering [with] all my mail trying to block my legal access and litigation . . . " in violation of his First Amendment rights.

---

[1] The Court notes that it is not clear from Plaintiff's complaint whether the outgoing letter was legal mail.

(Compl., docket #1, Page ID#5.) Plaintiff also claims that Defendants Ault and Zwikler violated his First Amendment rights by interfering with his legal mail and privacy rights.

For relief, Plaintiff requests injunctive relief and monetary damages.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Defendant Breedlove**

Plaintiff fails to make specific factual allegations against Defendant Breedlove, other than his claim that Breedlove was complicit in the actions taken by other Defendants because she failed to provide a grievance form upon Plaintiff's request. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through

the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Breedlove engaged in any active unconstitutional behavior.

Moreover, Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant's conduct did not deprive him of due process.

Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (*i.e*., by filing a lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.

For all these reasons, Plaintiff fails to state a claim against Defendant Breedlove.

B. **Defendants Zwikler and Ault**

At this stage of the case, the Court concludes that Plaintiff's allegations against Defendants Zwikler and Ault are sufficient to warrant service of the complaint against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Breedlove will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Zwikler and Ault.

An Order consistent with this Opinion will be entered.


Dated: <u>March 14, 2013</u>            /s/ Robert Holmes Bell
                                                                                              ROBERT HOLMES BELL
                                                                                              UNITED STATES DISTRICT JUDGE